United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EZENWANYI AHAGHOTU, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00516 |
| § | |
| EQUIFAX INFORMATION SERVICES, LLC, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the joint motion to dismiss (Dkt. No. 13) of the defendants, Experian Information Solutions, Inc., Equifax Information Services, LLC, Lexis Nexis Risk Solutions, LLC, and Trans Union, LLC, seeking dismissal of the plaintiff's, Ezenwanyi Ahaghotu, original complaint. The plaintiff has responded by filing an "affidavit in opposition" and a "judicial notice and offer of proof "(Dkt. No. 21, 22). Having reviewed the plaintiff's response, the Court determines that the defendants' motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

The plaintiff filed this suit against the defendants in February of 2024, complaining that the defendants, are consumer reporting agencies, gathered or collected data concerning herself and provided or distributed such data to merchants without first investigating the accuracy of some. As a result, her efforts to obtain credit with certain or merchants has been negatively impacted.

The plaintiff alleges that the defendants inappropriately placed on her credit report "false and derogatory credit information, collections, bankruptcies, and delinquent accounts." She

disputes the truthfulness of the information. However, when she informed the defendants that she did not file the several bankruptcies that appear on her credit report, the defendants failed and refused to remove the information.

The defendants direct the Court, in particular, to five Chapter 7 and 13 bankruptcy filings: March 19, 2018; July 2, 2018; October 16, 2018; March 19, 2019; and June 14, 2019. The "voluntary petitions" were filed in the State of Maryland, the City of Bowie, Greenbelt Division. Primarily, on the basis of these reported bankruptcies, the plaintiff asserts that the defendants violated the Fair Credit Reporting Act ("FCRA") because they reported and, after notice, and continued to report that the several bankruptcies had been filed by the plaintiff even though the plaintiff denied filing. She further states that she did not authorize the filing of the petitions. Nevertheless, the defendants failed to verify that she, in fact, filed the bankruptcy petitions even though they refused to remove them.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint

and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

IV.   **ANALYSIS & DISCUSSION**

The plaintiff's suit against the defendants is frivolous and should be dismissed. The Court takes judicial notice that on the dates stated, an individual, either the plaintiff or a person acting on behalf of, or against the interest of, the plaintiff, filed five petitions in bankruptcy under the name of the plaintiff. It appears, from the several petitions, that the filers were intimately acquainted with the plaintiff. First, the filers knew the financial condition of the plaintiff concerning particular creditors; the filers knew the plaintiff's social security number–specifically the last four digits; the filers knew the plaintiff's resident address and telephone number, the plaintiff's date of birth and the case numbers of each of the filing. Moreover, the filer knew the plaintiff's name and correct spelling, as reflected in the several petitions.

The plaintiff's complaint in this case suggests a type of "reverse identity theft" where the filer is seeking to destroy or compound the plaintiff's negative credit status. However, the plaintiff does not deny that the petitions were filed. Nor does she assert that the data included in the filings is false. She asserts instead that the defendants failed to verify the truthfulness or accuracy of the data, reported improper credit information, and has failed to remove the data after notice that she was not the filer. However, the plaintiff has not proffered any evidence to the defendants or the Court concerning any investigation that she or a policing agency has undertaken as part of an effort to uncover any fraudulent filing.

The plaintiff's arguments fail as they do not create disputed facts, nor do they state how the information is inaccurate, save the issue of the identity of the filers. However, the filed petitions, whether accurate in substance or not do not create a cause of action particularly where

the reporting by the credit agency simply discloses what has been recorded in public records, i.e., the bankruptcy courts. *See* 15 U.S.C. § 1681 c (a)(1). Hence, a denial by the plaintiff that she was the "filer" does not state facts upon which a cause of action may be brought against a consumer reporting agency for simply reporting what is already in the public domain. *See Id* at § 1681e; 1681i; 1881b; and 1681c-2.

Because the conduct by the plaintiff as alleged, as relative of the FCRA by the defendants, does not state a justiciable controversy or is a violation of the FCRA, the plaintiff's complaint is **DISMISSED** with prejudice.

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge